# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEANNE PACE, DAN PACE, | |
| Plaintiffs, | No. 13 CV 818<br>Judge James B. Zagel |
| v. | |
| TIMMERMANN'S RANCH AND SADDLE SHOP, INC.; DALE TIMMERMANN; CAROL TIMMERMANN; TAMMY RIGSBY; DAWN MANLEY, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jeanne Pace ("Jeanne") and Dan Pace ("Dan") have filed a complaint against Defendants Timmermann's Ranch and Saddle Shop, Inc. ("Timmermann's"), Dale Timmermann ("Dale"), Carol Timmermann ("Carol"), Tammy Rigsby ("Tammy"), and Dawn Manley ("Dawn") for false imprisonment, abuse of process, intentional infliction of emotional distress, conspiracy, in concert activity, aiding and abetting, and loss of consortium. Currently before the court is Defendants' motion to dismiss Plaintiffs' complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6) and Rule 13(a). For the following reasons, Defendants' motion is granted.

### I. BACKGROUND

Jeanne and Dan Pace, citizens of Wisconsin, are husband and wife and reside in Lake Geneva, Wisconsin. Timmermann's is a corporation with its principal place of business in Island

Lake, Lake County, Illinois. Dale Timmermann, Carol Timmermann, Tammy Rigsby, and Dawn Manley are each citizens of Illinois, residing within the jurisdiction of this court.

Dale and Carol own and operate Timmermann's. In April 1997, Jeanne was hired by Carol to be an in-house bookkeeper of Timmermann's. On or around February 15, 2011, Timmermann's terminated Jeanne's employment due to Jeanne's allegedly unlawful conduct, and asked the Lake County Sheriff to conduct an investigation. This investigation resulted in Jeanne's arrest, during which she spent a night in jail. On March 3, 2011, Timmermann's filed a complaint against Jeanne for conversion, abuse of fiduciary duty, and related claims based on allegations that Jeanne stole merchandise, converted corporate checks and used the corporate credit card for personal purchases. ECF/ECM Docket, Case No. 1:11-cv-01509. On April 5, 2011, Jeanne filed an answer, affirmative defenses, and a counterclaim in Case No. 1:11-cv-01509.

On March 13, 2012, the State's Attorney of Lake County charged Jeanne Pace with committing the offenses of theft, forgery, and unlawful use of a credit card. The criminal proceeding instituted by the State's Attorney against Jeanne is currently pending.

On February 1, 2013, Jeanne and her husband Dan filed a seven-count complaint to commence the present action, Case No. 1:13-cv-00818, against Defendants Timmermann's and four Timmermann's employees, Dale, Carol, Tammy, and Dawn. The complaint, which included a loss of consortium claim by Dan, was based on the alleged false arrest of Jeanne by the Lake County Sheriff's department. On April 2, 2013, this Court consolidated Case No. 1:11-cv-01509 and the present action, Case No. 1:11-cv-00818, for the limited purpose of discovery and pretrial practice. ECF/ECM Docket in Case No. 1:11-cv-01059, Docket Entry #94.

On May 2, 2013, Defendants filed a motion to dismiss the present action, 1:13-cv-00818, arguing that Plaintiffs' complaint contains allegations that should have been brought as compulsory counterclaims to the previous suit, Case No. 1:11-cv-01509. On May 13, 2013, Plaintiffs moved to (1) amend its counterclaims in Case No. 1:11-cv-01509, and (2) consolidate pending cases, Case Nos. 1:11-cv-01509 and 1:13-cv-00818, for trial.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 13(a), a counterclaim is compulsory if it: (1) exists at the time of the pleading; (2) arises out of the same transaction or occurrence as the opposing party's claim; and (3) does not require for adjudication parties over whom the court may not acquire jurisdiction. *Burlington Northern Railroad Co. v. Strong*, 907 F.2d 707, 710-11 (7th Cir. 1990); Fed. R. Civ. P. 13(a). A claim is not compulsory, however, if at the time the original action commenced: 1) the claim was the subject of another pending action; or 2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under Fed. R. Civ. P. 13. Fed. R. Civ. P. 13(a)(2)(A) and (B); *Warshawsky & Co. v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1261 (7th Cir. 1977).

If a counterclaim is compulsory and the party does not bring it in the original lawsuit, that claim is thereafter barred. *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 2506 n. 1, 41 L.Ed.2d 566, 572 (1974); *see Asset Allocation & Management Co. v. Western Employers Inc. Co.*, 892 F.2d 566, 572 (7th Cir.1989). Because it balances competing interests, Rule 13(a) may sacrifice the convenience of the party with a compulsory counterclaim in the interest of judicial economy. *Martino v. McDonald's Sys., Inc.*, 598 F.2d 1079, 1082 (7th Cir. 1979), cert denied, 444 U.S. 966, 100 S.Ct. 455, 62 L.Ed.2d 379 (1979).

**1.     Claims Existence at the Time of the Pleading**

For a counterclaim to be compulsory, it must exist at the time of the original pleading. *Burlington*, 907 F.2d at 712. As such, even if a party's counterclaim involves the same transaction as the original pleading, a party need not assert it as a compulsory counterclaim if it has not matured when the party serves his answer. 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1411, at 81 (2d ed. 1990).

Plaintiffs' claims were in existence at the time of the original pleading and should have been brought as compulsory counterclaims. Plaintiffs argue that Jeanne's abuse of process claim was not in existence until she was indicted by the Lake County State's Attorney in March 13, 2012, claiming that there could be no abuse of process without the "process" of indictment. Plaintiffs' Complaint, however, alleges that Defendants committed an abuse of process by providing law enforcement false information and by "urg[ing] the arrest and/or indictment" of Jeanne. Complaint at 23, *Jeanne Pace v. Timmermann's Ranch and Saddle Shop*, No. 1:13-cv-00818 (2013). The abuse of process claim, under 28 U.S.C. § 1920, is based on the alleged conduct that led to the arrest and was in existence when the original complaint in Case No. 1:11-cv-01059 was filed in March 2011.

Similarly, Plaintiffs wrongly contend that Jeanne can maintain a claim for intentional infliction of emotional distress premised only on fears that were "exacerbated" by the "State's Attorney fil[ing] an information against [her]." *Id*. They cannot. Plaintiffs' claim is, again, based on conduct in existence at the time of the pleading—that the Defendants provided false information to law enforcement to "willfully, maliciously, deliberately and intentionally" injure Jeanne.

The Complaint alleges that after the arrest, Jeanne was concerned about a possible indictment and became physically and emotionally distant from Dan, stating that she "ate less and lost weight, became depressed, and increased her smoking." *Id*. Plaintiffs' own Complaint expressly states that Jeanne's concern about the possibility of being indicted led to her distress. It could not be, then, that Jeanne's claim only came into existence after the indictment since the fear of the indictment was what Jeanne alleges led to her emotional distress. Rather, both Jeanne's claim of emotional distress and Dan's loss of consortium based on Jeanne's distress were in existence at the time of the pleading, and Plaintiffs were required to raise both claims as compulsory counterclaims in the original proceeding.

Had Jeanne brought a claim for intentional infliction of emotional distress as a compulsory counterclaim, as required, she may have amended her claim upon new information regarding the severity of the distress. She did not, however, raise this compulsory counterclaim when she was required to do so and is barred from raising it now in a new action or by amended complaint in the original action.

**2.      Same Transaction or Occurrence**

In addition to existing at the time of the original pleading, a claim is compulsory and must be brought in one action if it arises out of the same transaction or series of transactions. *Yoon Ja Kim v. Sara Lee Bakery Group*, 412 F.Supp.2d 929, 941 (N.D.Ill. 2006). Courts generally have agreed that the words "transaction or occurrence" should be interpreted liberally in order to further the general policies of the federal rules and carry out the philosophy of Rule 13(a). 6 Wright & Miller, § 1410, at 40; *Warshawsky & Co.*, at 1261.

A "transaction" may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. *See Moore v. New*

*York Cotton Exchange*, 270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed. 750 (1926). There is no bright-line test for determining whether claims are logically related. Rather, courts should consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds. *Burlington*, 907 F.2d at 711.

The original claims brought by Timmermann's in Case No. 1:11-cv-01509 pertained to unlawful conduct by Jeanne while employed by Timmermann's. In its complaint, Timmermann's alleged that Jeanne engaged in embezzlement of cash and merchandise from Timmermann's. Timmermann's also alleged that Jeanne took merchandise from Timmermann's without payment, and sold some of this from her personal account on EBay. Subsequent to learning about Jeanne's conduct, Timmermann's requested that the Lake County Sheriff's department conduct an investigation. As a result of the Sheriff's department's investigation, Jeanne was arrested and forced to spend a night in jail.

The present action pertains to Jeanne's contention that she was the victim of a false arrest by the Lake County Sheriff's department. Plaintiffs' allege that Defendants to this action gave false information to law enforcement and urged them to arrest and/or indict Jeanne. Jeanne's Complaint contains detailed allegations pertaining to her activity at Timmermann's, including her involvement with Timmermann's cash and merchandise. Central to both matters is the factual question of Jeanne's conduct while employed by Timmermann's.

Plaintiffs, themselves, acknowledge in their motion to consolidate that the affirmative defenses in Case No. 1:11-cv-01509 and the factual allegations in the complaint in Case No. 1:13-cv-00818 involve substantially the same issues and witnesses. Jeanne's claims in the present case allege facts arising out of the same transaction or occurrence as the original action and should have been brought in Case No. 1:11-cv-01509 as compulsory counterclaims.

3. **Acquiring Jurisdiction Over Additional Parties**

Under Rule 13(a), even if a claim exists at the time of the original pleading and arises out of the same transaction or occurrence, for a claim to be compulsory, a court cannot require for adjudication parties over whom the court may not acquire jurisdiction. *Id*. Such a claim, wherein the court lacks jurisdiction over a party whose presence is "required for adjudication," will be permissive. *See Asset Allocation and Management Co.*, 82 F. 2d 566, at 574 (7th Cir. 1989)

Where the court has jurisdiction, a person or party may be added to a counterclaim pursuant to Rule 20. Specifically, Rules 20(a)(1)(A) and (B) and 20(b)(1)(A) and (B) provide a person may be joined in an action as a plaintiff or defendant, respectively, if (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all plaintiffs or defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A) and (B); Fed. R. Civ. P. 20(b)(1)(A) and (B).

Here, there is no question regarding the court's personal jurisdiction over parties. As thoroughly discussed, the relief asserted against Defendants arises out of the same transaction or occurrence as the original claim; and there are common issues of fact to Plaintiffs and Defendants. Accordingly, the court in the original action could have acquired jurisdiction over Defendants through a counterclaim by Jeanne.

### III. CONCLUSION

Plaintiffs' claims should have been brought as compulsory counterclaims in Case No. 1:11-cv-01509. As no exceptions apply to make these claims permissive, Plaintiffs are now

barred from raising them in the present action. Therefore, Defendant's motion to dismiss Plaintiffs' Complaint is granted.

Plaintiffs, arguing in the alternative, also filed a motion to amend its counterclaim in Case No. 1:11-cv-01509. Plaintiffs' cannot now, two years after the initial complaint was filed and after failing to raise compulsory counterclaims in a second proceeding, amend counterclaims that were required to be brought in the original action. Plaintiffs' motion to amend its counterclaims is denied.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: December 11, 2013